UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON SMILEY,

        Plaintiff,

v.                                                        Case No. 25-cv-0721-bhl

SOLEN RICHBERGER,
JASON POPP, and
VICKI SEIBEL-GARVEY,

        Defendants.

## SCREENING ORDER

      Plaintiff Brandon Smiley, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 10, 2025, Smiley filed an amended complaint, which he is permitted to do without seeking the Court's permission once at this stage of the proceedings. *See* Fed. R. Civ. P. 15. This matter comes before the Court on Smiley's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Smiley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Smiley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

initial partial filing fee of $80.09.  Smiley's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Smiley, on August 13, 2024, he was released from the Jefferson County Jail after having been incarcerated there for nine days. He states that he called his probation officer Solen Richberger several times before connecting with him. Smiley explains that he asked for a ride back to Waukesha County, but Richberger informed him that he could not provide transportation from Jefferson County to Waukesha County because Smiley was not being released from a Department of Corrections institution. Smiley asserts it is an eleven hour walk along the highway from Jefferson County to Waukesha County. Dkt. No. 15 at 1.

About a month later, Smiley "signed his rules" during an office visit, at which time Richberger allegedly told Smiley to file an administrative complaint if he was displeased with how Richberger was treating him. Smiley states that he ignored him and tried to be productive. He explains that he began to apply for jobs and because he was on GPS monitoring was honest with potential employers that he was on parole. Smiley asserts that Richberger faxed his "rules" to potential employers who contacted him and falsely told them he was a sex offender. Smiley also asserts that Richberger left him homeless and refused to help him and refused to let him return to Milwaukee County even though he had no help or resources in Waukesha County. Dkt. No. 15 at 2.

Smiley alleges that Richberger violated many department rules and policies, failed to help him succeed, and harassed and defamed him. He asserts that he complained about Richberger's

3

actions to his supervisors, but they did nothing. He also states that his "rules were bias[ed]" because the sex offender registry rules should not apply to him. Dkt. No. 15 at 2-3.

THE COURT'S ANALYSIS

As an initial matter, Smiley's amended complaint violates Fed. R. Civ. P. 8 because it does not contain "a demand for the relief sought." The complaint is also deficient because it fails to state a claim upon which relief can be granted. Smiley expresses frustration at his supervising agent's failure to help him succeed. He asserts that Department of Corrections policies required that his supervising agent provide him with transportation after he was released from a county jail, that he help him find housing, and that he impose less restrictive supervision rules, but "§1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and [] practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Accordingly, allegations that Richberger violated Department of Corrections policies or even state law are insufficient to state a constitutional claim.

Similarly, Smiley's allegations that Richberger defamed him when he allegedly told potential employers that he was a "sex offender" fail to state a claim because defamation, which is a state law claim, does not state a claim under §1983. *Paul v. Davis*, 424 U.S. 693 (1976). Further, it is unclear how Smiley knows what exactly Richberger told potential employers, but according to public records, Smiley was on extended supervision following the conviction for "exposing genitals/pubic area/intimate parts to a child" (with a repeater modifier), "4th degree sexual assault," and "lewd, lascivious behavior—exposure." *See Wisconsin v. Smiley*, Waukesha County Case No. 2020CF1316. It would not be defamatory for Richberger to pass along public information regarding Smiley's convictions.

4

Next, to the extent Smiley believes that he should not have been subject to various rules or restrictions, such a claim should have been brought under 28 U.S.C. §2254 rather than §1983. The Seventh Circuit has explained that "[a]ttacks on the fact or duration of the confinement come under § 2254," and for those on supervised release, "the conditions of [supervised release] *are* the confinement." *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003) Because "restrictions define the perimeters of [a probationer's] confinement, . . . eliminating or changing one of the restrictions would alter the confinement: figuratively speaking, one of the 'bars' would be removed from the probationer's cell." *Id.* Accordingly, any contentions regarding the rules of supervision must be presented in a collateral attack under §2254, not in a civil rights case under §1983.

Finally, Smiley does not state a claim against Richberger's supervisors who allegedly denied Smiley's complaints about Richberger's alleged misconduct. It is well settled that "[o]nly persons who cause or participate in the violations are responsible," and "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Smiley believes he can cure the deficiencies identified in this decision, he may file a second amended complaint by **August 21, 2025**. He is advised that a second amended complaint will replace the amended complaint and must be complete in itself without reference to the original or amended complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If a second amended complaint is not received, the Court will dismiss this action based on Smiley's failure to state a claim in his

5

amended complaint. If Smiley does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision. Smiley must use the form. *See* Civil L. R. 9(b).

**IT IS THEREFORE ORDERED** that Smiley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 21, 2025**, Smiley may file a second amended complaint if he believes he can cure the defects in the amended complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Smiley a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Smiley shall collect from his institution trust account the $269.91 balance of the filing fee by collecting monthly payments from Smiley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Smiley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Smiley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Smiley is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

6

Case 2:25-cv-00721-BHL    Filed 07/24/25    Page 6 of 7    Document 18

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>  Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

    Smiley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

    Dated at Milwaukee, Wisconsin on July 24, 2025.

> s/ *Brett H. Ludwig*
> BRETT H. LUDWIG
> United States District Judge