UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON SMILEY,

        Plaintiff,

      v.                                           Case No. 25-cv-0721-bhl

SOLEN RICHBERGER,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Brandon Smiley, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 10, 2025, Smiley filed an amended complaint. On July 24, 2025, the Court screened the amended complaint and, after concluding Smiley failed to state a claim upon which relief could be granted, gave him the opportunity to file a second amended complaint, which he did on August 4, 2025. This decision screens the second amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE SECOND AMENDED COMPLAINT

As the Court explained in the original screening order, it has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint

complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

According to Smiley, on August 13, 2024, he was released from the Jefferson County Jail. He states that his probation officer Solen Richberger "abused" him by refusing to arrange transportation for him from the jail to Waukesha County or Milwaukee County, as required by Department of Corrections (DOC) policies and procedures. According to Smiley, Richberger's refusal to abide by policy was a violation of Smiley's equal protection rights because everyone else gets transportation after being released. He suggests that it does not matter that he was released from a county jail rather than a DOC institution because he was on supervised release and therefore in DOC's custody. Smiley further explains that he has several health conditions and that it was "unbearably tortuous" for him to have to walk for eleven hours. He states that the ordeal caused him physical pain and psychological torment and humiliation. Dkt. No. 19.

### THE COURT'S ANALYSIS

For the reasons explained in the original screening order, Smiley fails to state a constitutional claim against Richberger based on allegations that he violated DOC policies when he refused to arrange transportation for Smiley after he was released from the Jefferson County Jail. "[Section] 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and [] practices." *Scott v. Edinburg*, 346 F.3d 752, 760

2

(7th Cir. 2003). Accordingly, allegations that Richberger violated Department of Corrections policies or even state law are insufficient to state a constitutional claim.

Nor does Smiley state a claim based on allegations that he was the only person who did not receive a ride after being released. To state a claim of discrimination under the Equal Protection Clause, the plaintiff must allege that (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class, and (3) he was intentionally treated differently from members of the unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Setting aside the issue of whether Smiley is a member of a protected class, he has failed to allege examples of other individuals on supervised release who were given a ride after being released from a county jail rather than a DOC institution. Although "[t]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, Smiley's unsupported legal conclusion that Richberger treated him differently from everyone else is insufficient to state a claim.

Although the Court acknowledges that Smiley may have faced significant challenges because he did not have a ride after he was released from jail, the Court is unaware of any authority holding that the Constitution requires state officials to provide people who are not imprisoned with free transportation. The Court offers no opinion on whether Smiley can state a claim under state law.

3

Case 2:25-cv-00721-BHL     Filed 08/08/25     Page 3 of 4     Document 20

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
